IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **KRISTAL S. EATMAN,** | ] |
| Plaintiff, | ] |
| v. | ] |
| | ] CASE No. 2:14-cv-00472-KOB |
| **JEFFERSON COUNTY** | ] |
| **DEPARTMENT OF HEALTH** | ] |
| Defendant. | ] |

**MEMORANDUM OPINION**

This matter comes before the court on Defendant's "Motion to Dismiss or, in the Alternative, Motion for More Definite Statement." (Doc. 9). Plaintiff Kristal Eatman brings claims under Title VII of the Civil Rights Act of 1964, § 1983, and § 1981, alleging racial discrimination and retaliation arising out of Eatman's employment at Jefferson County Department of Health ("JCDH"). (Doc. 1). Defendant's motion, brought pursuant to Rules 12(b)(6) and 12(e), presents a variety of arguments for why this court should dismiss the complaint or, alternatively, enter an order directing Eatman to file a more definite statement.[1] (Doc. 9). For the following reasons, the court finds that the motion to dismiss is due to be granted as to some claims, and that the alternative motion for a more definite statement is due to be granted as to the remaining claims.

---

[1] Defendant's motion addresses claims asserted by Eatman against both JCDH and Dr. Teri Chafin. However, Dr. Chafin was dismissed as a defendant in this case, and all claims against her were dismissed without prejudice. (Doc. 16). Therefore, the court finds Defendant's motion moot to the extent that it addresses claims against Dr. Chafin.

1

**I.**     **STATEMENT OF THE FACTS**

Plaintiff Kristal Eatman, a black female, was hired by Defendant Jefferson County Department of Health as a medical clerk on April 9, 2007.  (Doc. 1).  On January 28, 2012, Eatman was promoted to the position of Administrative Assistant III.  Eatman alleges that following her promotion, she began to experience "racial hostility" from her supervisor, Dr. Teri Chafin, a white female.  At the time of the alleged discriminatory actions, Dr. Chafin was the Director of Dental and Community Health for the Jefferson County Department of Health.

During February 2012, Eatman complained to the JCDH Director of Human Resources, Delores Johnson, about what she believed to be Dr. Chafin's disparate treatment of black and white employees.  Johnson never responded to Eatman's complaint, and Eatman states that she began to suffer increased discriminatory treatment from Dr. Chafin after lodging her complaint.  Specifically, Eatman states that Dr. Chafin refused to allow her to be trained for her position as an Administrative Assistant III, restricted her job duties, and threatened her with termination.

In July 2012, Eatman filed another complaint with JCDH, this time with Rodney Holmes, a JCDH official.  Eatman alleges that following her filing of the second complaint, Dr. Chafin approached her and stated, "training you is going to be like training a monkey."  Eatman further alleges that Dr. Chafin continued to retaliate against her by continuing to deny her training, belittling her in private and in public, and refusing to assign her work, which stunted her professional growth and adversely affected her suitability for other employment positions within JCDH.  On November 16, 2012, Eatman was involuntarily assigned work at the Clinical Services Department of JCDH.  As a result, Eatman is required to travel to two different JCDH job sites and has had to bear the financial costs of paying for her own fuel.

Eatman filed a claim with the EEOC on November 14, 2012, and received a right to sue letter on December 19, 2013.

## II.   LEGAL STANDARDS

### A.   Federal Rules of Civil Procedure 12(b)

A Rule 12(b)(6) motion to dismiss attacks the legal sufficiency of the complaint. Generally, the Federal Rules of Civil Procedure require only that the complaint provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (quoting Fed. R. Civ. P. 8(a)). A plaintiff must provide the grounds of her entitlement, but Rule 8 generally does not require "detailed factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley*, 355 U.S. at 47). It does, however, "demand[ ] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal* 556 U.S. 662, 678 (2009). Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of action" do not meet Rule 8 standards nor do pleadings suffice that are based merely upon "labels or conclusions" or "naked assertions" without supporting factual allegations. *Twombly*, 550 U.S. at 555, 557.

The Supreme Court explained that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting and explaining its decision in *Twombly*, 550 U.S. at 570). To be plausible on its face, the claim must contain enough facts that "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although "[t]he plausibility standard is not akin to a 'probability requirement,'" the

complaint must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

The Supreme Court has recently identified "two working principles" for the district court to use in applying the facial plausibility standard. The first principle is that, in evaluating motions to dismiss, the court must assume the veracity of *well-pleaded factual* allegations; however, the court does not have to accept as true legal conclusions even when "couched as [] factual allegation[s]" or "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal,* 556 U.S. at 678. The second principle is that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679. Thus, under prong one, the court determines the factual allegations that are well-pleaded and assumes their veracity, and then proceeds, under prong two, to determine the claim's plausibility given the well-pleaded facts. That task is "context-specific" and, to survive the motion, the allegations must permit the court based on its "judicial experience and common sense. . . to infer more than the mere possibility of misconduct." *Id.* If the court determines that well-pleaded facts, accepted as true, do not state a claim that is plausible, the claim must be dismissed. *Id.*

    B.    "Shotgun" Pleadings and Rules 8(a)(2) and 8(d)(1)

JCDH asserts in its motion to dismiss that Plaintiff's complaint is a "shotgun pleading" that is too vague to allow for the Defendant to prepare a response. The Eleventh Circuit has frequently condemned shotgun pleadings for violating the Federal Rules of Civil Procedure. *See*, *e.g., Chapman v. Al Transp.*, 229 F.3d 1012, 1027 (11th Cir. 2000) (*en banc*). Rule 8(a)(2)

requires a pleading to contain a "short and plain statement of the claim" that shows that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). The purpose of this requirement is to "give the defendants fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rule 8(d) also demands that "[e]ach allegation [in a pleading] must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Shotgun pleadings, however, are neither "short and plain," nor "simple, concise, and direct." A shotgun pleading requires a defendant, as well as a court, to "sift through the facts presented and decide for [itself] which were material to the particular cause of action asserted." *Pelletier v. Zweifel*, 921 F.2d 1465, 1518 (11th Cir. 1991). Such pleadings fall short of the pleading requirements of Rule 8. *Magluta v. Samples*, 256 F.3d 1282, 1284–85 (11th Cir. 2001) (holding that a shotgun pleading is "in no sense the 'short plain statement of a claim' required by Rule 8 of the Federal Rules of Civil Procedure").

### III.    DISCUSSION

Eatman's complaint does not satisfy the pleading standards of Rule 8(a)(2) and Rule 8(d)(1) because it lacks the details necessary to discern the factual support of each of Eatman's claims. Eatman's complaint contains two counts. In her first count, Eatman combines claims for race discrimination under Title VII, § 1983, and §1981. In her second count, Eatman combines claims for retaliation under Tile VII, § 1983, and § 1981. Under each count, Eatman presents a "formulaic recitation of elements," but fails to cite any specific facts supporting her claims. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The bulk of facts contained in Eatman's complaint are contained in the "Statement of Facts" section, and Eatman simply "re-alleges and incorporates by reference" all of the proceeding paragraphs into each of her two

counts. This approach to pleading is a quintessential example of "shotgun pleading" and requires the Defendant to divine the nature of and facts supporting each of Eatman's claims. *See Anderson v. District Bd. Of Trs. Of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996) (Plaintiff's "complaint is a perfect example of 'shotgun' pleading in that it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief.") (internal citation omitted). Because Eatman's complaint does not provide sufficient notice of the factual basis for each claim, this court will GRANT JCDH's motion for a more definite statement.

Although this court will grant JCDH's motion for a more definite statement, because Eatman cannot state claims against JCDH under § 1983 or § 1981, the court finds that these claims are due to be DISMISSED.

### i. Section 1983 Claims

In her complaint, Eatman asserts claims of race discrimination and retaliation against the JCDH under § 1983. Section 1983 does not create any substantive rights, but only creates a remedy for violation of a separate federal law. *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 617–18 (1979). To obtain relief under § 1983, a plaintiff must show both that she was deprived of a federal right and that the deprivation was caused by a *person* who was a state actor. *Patrick v. Floyd Med. Ctr.*, 201 F.3d 1313, 1315 (11th Cir. 2000) (emphasis added). State agencies, such as the JCDH, are not "persons" for the purposes of § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Taylor v. Dep't of Pub. Safety*, 142 F. App'x 373, 374–75 (11th Cir. 2005) (holding "state agencies . . . are not 'persons' for the purposes of § 1983 and . . . enjoy the same Eleventh Amendment immunity as [a state]"). Therefore, this court will DISMISS WITH PREJUDICE Eatman's claims against JCDH for race discrimination and

retaliation under § 1983.

### ii. Section 1983

Eatman's complaint also asserts claims of race discrimination and retaliation against the JCDH under § 1981. Section 1981 prohibits race discrimination in making and enforcing contracts and is a statutory remedy available in both the private and public sectors. 42 U.S.C. § 1981; *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 459–60 (1975). However, as Eatman concedes in her response to the JCDH's motion to dismiss, (Doc. 14, ¶ 8), Section 1981 suits against states agencies, such as JCDH, are barred by a state's Eleventh Amendment immunity. *See Sessions v. Rusk State Hosp.*, 648 F.2d 1066, 1069 (11th Cir. 1981). Therefore, this court will DISMISS WITH PREJUDICE Eatman's claim against JCDH for race discrimination and retaliation under § 1981.

## IV. CONCLUSION

For the reasons discussed above, the court finds that Defendant JCDH's motion to dismiss will be GRANTED IN PART and DENIED IN PART. The court will GRANT the motion as to the § 1983 and § 1981 claims against JCDH for race discrimination in Count I and retaliation in Count II. The court will DENY the motion to dismiss as to the Title VII claims against JCDH for race discrimination in Count I and retaliation in Count II. The court will also GRANT the motion for a more definite statement as to the remaining claims.

DONE and ORDERED this 15th day of October, 2014.

_____
KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE